IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEO FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 6009 |
| | ) | |
| JASON E. DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions in limine. For the reasons stated below, the motions are granted in part and denied in part.

**BACKGROUND**

Plaintiff Leo Foster (Foster) was convicted in 2002 for armed robbery, burglary, aggravated false impersonation of a police officer, and murder, and was sentenced to 125 years imprisonment. Foster is incarcerated at Stateville Correctional Center. In early 2010, Foster was allegedly moved into a cell with inmate Jeffrey Bailey (Bailey). Foster claims that Bailey had a history of violence

1

and had been involved in prior altercations with other inmates and cellmates. Foster claims that on February 16, 2010, and during the morning of February 17, 2010, Bailey was acting strangely and threatening Foster. Foster believes that Bailey's behavior was the result of Bailey's failure to take his prescribed medication.

According to Foster, around noon on February 17, 2010, Bailey attacked Foster and began biting Foster (Incident). Foster claims that the Incident caused a lot of noise and commotion in his cell block and that other inmates were yelling to Defendant Jason Davis (Davis), who was the Gallery Officer assigned to Foster's cell block, to inform Davis of the Incident. Foster claims that Davis walked past Foster's cell during the Incident and that, even though the cell was visible to Davis, Davis ignored the Incident and continued walking through the cell block. Davis allegedly walked past the cell a second time during the Incident and ignored it again. Around 12:30 p.m., Davis allegedly came by the cell for a third time and then called for back-up support. Foster includes in his amended complaint claims alleging violations of his Eighth Amendment rights brought pursuant to 42 U.S.C. § 1983 (Section 1983). On January 10, 2013, the court granted Defendant Sergeant Jose Encarnacion's (Encarnacion) and Defendant Lieutenant Clarence Wright's (Wright) motion for summary judgment. The only remaining claim in this case is the Section 1983 claim brought against Davis. Foster and Davis have each filed motions in

limine.

## DISCUSSION

I. Foster's Motions in Limine

Foster has brought eight motions in limine.

### A. Foster Motion in Limine 1

Foster requests in his motion in limine 1 (Foster Motion in Limine 1) that the court bar evidence and argument relating to the factual circumstances of the convictions that led to Foster's current incarceration. Foster argues that any of the details relating to his underlying convictions would be irrelevant and overly prejudicial in this case. Davis agrees not to reference Foster's convictions for murder, armed robbery, and burglary. However, Davis contends that Foster's conviction for aggravated false impersonation of a police officer should be admitted for purposes of impeachment. Federal Rule of Evidence 609(a) (Rule 609(a)) provides the following:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and (B) must be admitted in a criminal case in which the witness is a defendant, if the

3

probative value of the evidence outweighs its prejudicial effect to that defendant; and (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or aggravated false statement.

Fed. R. Evid. 609(a). Federal Rule of Evidence 609(b) (Rule 609(b)) provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence relating to the conviction "is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b). In deciding whether to admit evidence, a court must also consider the potential prejudice of evidence under Federal Rule of Evidence 403 (Rule 403), which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Foster's conviction for aggravated false impersonation of a police officer directly relates to Foster's character for truthfulness. The record indicates that the conviction was in 2002, which was more than 10 years ago, but that Foster was

4

sentenced to 5 years of imprisonment for the conviction. (Ans. F. Mot. Ex. A); (F. Reply 6). Thus, Foster's sentence for the conviction was not complete until 2005, and Rule 609(a) applies to the conviction instead of Rule 609(b). At trial, Foster will be the key witness regarding the allegations against Davis. The jury will need to assess whether Foster is telling a true story or Davis is telling a true story. Even when considering the potential prejudice from evidence of the conviction, based on the extreme significance of Foster's testimony, the conviction for aggravated false impersonation of a police officer should be admitted for purposes of impeachment. If Foster presents any evidence at trial to show his good character, the court will revisit the issue of whether to admit his convictions for murder, armed robbery, and burglary. Therefore, Foster Motion in Limine 1 is granted as to his convictions for murder, armed robbery, and burglary and denied as to his conviction for aggravated false impersonation of a police officer. The court notes that even if Rule 609(b) had applied to the conviction for aggravated false impersonation of a police officer, the conviction would still be admissible.

B. Foster Motion in Limine 2

Foster requests in his motion in limine 2 (Foster Motion in Limine 2) that the court bar evidence and argument relating to Foster's current prison sentence, such as

5

the amount of time served and the amount of time remaining. Davis indicates that he does not intend to introduce details concerning Foster's prison sentence other than the general fact that Foster is incarcerated. (Ans. F. Mot. 4). Davis correctly points out that the general fact that Foster is incarcerated is necessary to place the Incident in context. Therefore, Foster Motion in Limine 2 is granted in part and denied to the extent that Foster seeks to bar any reference to the fact that he is incarcerated.

### C. Foster Motion in Limine 3

Foster requests in his motion in limine 3 (Foster Motion in Limine 3) that the court bar evidence and argument relating to publicity or media reports surrounding the crimes that led to Foster's current incarceration. Davis does not object to Foster Motion in Limine 3. (Ans. F. Mot. 1). Therefore, Foster Motion in Limine 3 is granted.

### D. Foster Motion in Limine 4

Foster requests in his motion in limine 4 (Foster Motion in Limine 4) that the court bar evidence and argument relating to crimes that Foster was accused of or convicted for in the past. Davis argues that, in addition to Foster's conviction for aggravated false impersonation of a police officer, Foster's 1994 conviction for

forgery should be admitted. The record indicates that Foster was convicted in 1994 and was sentenced to two years in prison. (Ans. F. Mot. Ex. A); (F. Mem. 7). Thus, the forgery conviction is governed by Rule 609(b). Based on the extreme significance of Foster's testimony and the importance of reliably evaluating his credibility in this case, evidence of forgery would not be unduly prejudicial under Rule 403, and its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. Therefore, Foster Motion in Limine 4 is denied. In addition, if Foster presents any evidence at trial to show his good character, the court will revisit the issue of whether to admit his other prior convictions.

### E. Foster Motion in Limine 5

Foster requests in his motion in limine 5 (Foster Motion in Limine 5) that the court bar evidence and argument relating to the time that Foster previously spent in prison prior to his current incarceration. Davis does not object to Foster Motion in Limine 5. (Ans. F. Mot. 1). Therefore, Foster Motion in Limine 5 is granted.

### F. Foster Motion in Limine 6

Foster requests in his motion in limine 6 (Foster Motion in Limine 6) that the

court bar evidence and argument relating to Foster's actual or alleged gang affiliation. Davis does not object to Foster Motion in Limine 6. (Ans. F. Mot. 1). Therefore, Foster Motion in Limine 6 is granted.

### G. Foster Motion in Limine 7

Foster requests in his motion in limine 7 (Foster Motion in Limine 7) that the court bar evidence and argument relating to prior physical altercations involving Foster. Davis does not object to Foster Motion in Limine 7. (Ans. F. Mot. 1). Therefore, Foster Motion in Limine 7 is granted.

### H. Foster Motion in Limine 8

Foster requests in his motion in limine 8 (Foster Motion in Limine 8) that the court bar evidence and argument relating to the entry of judgment in favor of Encarnacion and Wright in this case. Davis does not object to Foster Motion in Limine 8. (Ans. F. Mot. 1). Therefore, Foster Motion in Limine 8 is granted.

## II. Davis' Motions in Limine

Davis has brought eight motions in limine.

### A. Davis Motion in Limine 1

Davis requests in his motion in limine 1 (Davis Motion in Limine 1) that the court bar witnesses other than parties from being present in the courtroom until their testimony is presented. Foster does not object to Davis Motion in Limine 1. (Ans. D. Mot1. 1). Therefore, Davis Motion in Limine 1 is granted.

### B. Davis Motion in Limine 2

Davis requests in his motion in limine 2 (Davis Motion in Limine 2) that the court bar argument or evidence that Davis may be indemnified by the State of Illinois. Foster objects to the motion, contending that such evidence would be admissible if Davis contends at trial that he would be unable to pay damages. (Ans. D. Mot2. 2). However, Davis indicates that he has no intention of making such an argument at trial. (Reply D. Mot2. 1). Therefore, Davis Motion in Limine 2 is granted.

### C. Davis Motion in Limine 3

Davis requests in his motion in limine 3 (Davis Motion in Limine 3) that the court bar argument or evidence relating to Foster's interactions with Bailey prior to the Incident. Foster argues that evidence of interactions between Foster and Bailey

9

prior to the Incident is evidence of deliberate indifference. Foster also argues that such evidence is necessary to tell the story in this case.

Davis correctly points out that Foster is raising issues relating to the alleged deliberate indifference claims asserted against Encarnacion and Wright for placing Bailey in the cell with Davis. This court has already dismissed such deliberate indifference claims. The remaining claim against Davis is based on his alleged failure to respond to the Incident in a timely fashion. It is not necessary to address prior interactions between Foster and Bailey in order to explain what happened during the Incident or to explain events concerning Davis' response during the Incident. Nor has Foster even pointed to evidence that Davis was ever aware of prior interactions between Davis and Bailey. Therefore, Davis Motion in Limine 3 is granted.

### D. Davis Motion in Limine 4

Davis requests in his motion in limine 4 (Davis Motion in Limine 4) that the court bar argument or evidence that Foster told anyone that he wanted to be moved out of the cell with Bailey prior to the Incident. Foster opposes the motion, but Foster again is seeking to relitigate the deliberate indifference claims that have already been dismissed in this case. Foster has not pointed to evidence that Davis

was ever told by Foster that he wanted to be moved out of the cell.  Therefore, Davis Motion in Limine 4 is granted.

### E.  Davis Motion in Limine 5

Davis requests in his motion in limine 5 (Davis Motion in Limine 5) that the court bar argument or evidence regarding Bailey's physical and mental health prior to the Incident.  Foster opposes the motion, but Foster again is seeking to relitigate the deliberate indifference claims that have already been dismissed in this case.  Foster has not pointed to evidence that Davis was ever told about Bailey's physical and mental health prior to the Incident or evidence indicating that Davis should have been aware of such matters.  Therefore, Davis Motion in Limine 5 is granted.

### F.  Davis Motion in Limine 6

Davis requests in his motion in limine 6 (Davis Motion in Limine 6) that the court bar argument or evidence that Bailey fought with his former cellmates.  Foster opposes the motion, but Foster again is seeking to relitigate the deliberate indifference claims that have already been dismissed in this case.  Foster has not pointed to evidence that Davis was ever told about any fights between Bailey and his prior cellmates or evidence indicating that Davis should have been aware of such

matters. Therefore, Davis Motion in Limine 6 is granted.

### G. Davis Motion in Limine 7

Davis requests in his motion in limine 7 (Davis Motion in Limine 7) that the court bar argument or evidence that Encarnacion and Wright were previously named as Defendants in this case. Foster does not oppose the motion and merely asserts that he may seek to admit such evidence if Davis asserts that a failure to name Encarnacion and Wright as Defendants in this case shows a lack of merit to the case. (Ans. D. Mot7 1). Since Davis cannot legitimately make such an assertion, Davis Motion in Limine 7 is granted.

### H. Davis Motion in Limine 8

Davis requests in his motion in limine 8 (Davis Motion in Limine 8) that the court bar argument or evidence referencing any prior lawsuit in which Davis was involved. Foster does not oppose Davis Motion in Limine 8 and merely indicates that he may ask the court to revisit this issue if he discovers new evidence. (Ans. D. Mot8 1). Therefore, Davis Motion in Limine 8 is granted.

**CONCLUSION**

Based on the foregoing analysis, Foster Motion in Limine 1 is granted as to his convictions for murder, armed robbery, and burglary and denied as to his conviction for aggravated false impersonation of a police officer. Foster Motion in Limine 2 is granted in part and denied in part. Foster Motions in Limine 3, 5, 6, 7, and 8 are granted, and Foster Motion in Limine 4 is denied. Davis Motions in Limine 1, 2, 3, 4, 5, 6, 7, and 8 are granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 22, 2013