IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEO FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 6009 |
| | ) |
| JASON E. DAVIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Leo Foster's (Foster) motion for a new trial. For the reasons stated below, the motion for a new trial is denied.

## BACKGROUND

In 2010, Foster was incarcerated at Stateville Correctional Center. In early 2010, Foster was allegedly moved into a cell with inmate Jeffrey Bailey (Bailey), who Foster claimed had a history of violence, and had been involved in prior altercations with other inmates and cellmates. Foster contended that he repeatedly told Defendant Sergeant Jose Encarnacion (Encarnacion) and Defendant Lieutenant Clarence Wright (Wright) that he did not feel safe and asked to be moved from the cell.

1

According to Foster, around noon on February 17, 2010, there was an altercation with his cellmate Bailey. Foster claimed that the alleged attack caused a lot of noise and commotion in his cell block and that other inmates were yelling. Defendant Jason Davis (Davis) was the Gallery Officer assigned to Foster's cell block at that time. Foster claimed that despite the noise, Davis walked past Foster's cell twice before acting to stop the altercation. Foster brought the instant action and included in his amended complaint Eighth Amendment claims brought against Wright, Encarnacion, and Davis pursuant to 42 U.S.C. § 1983. Wright and Encarnacion moved for summary judgment on the claims brought against them, and on January 10, 2013, this court granted the motion for summary judgment. The case proceeded to a jury trial on the claims brought against Davis, and on June 4, 2013, the jury found in favor of Davis. Foster now requests a new trial.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(a) (Rule 59(a)), after a jury returns its verdict, the losing party can move for a new trial. Fed. R. Civ. P. 59(a). A court can order a new trial pursuant to Rule 59(a) "if the jury's verdict is against the manifest weight of the evidence, . . . or if for other reasons the trial was not fair to the moving party." *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012)(internal quotations omitted)(quoting *Marcus & Millichap Inv. Servs. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011)).

**DISCUSSION**

Foster argues in the instant motion: (1) that the court erred in instructing the jury, (2) that the court erred by not admitting a disciplinary report for Davis, (3) that the court erred by barring evidence of Davis' prior conduct, and (4) that the court erred in admitting Foster's prior forgery conviction.

I.  Jury Instruction

Foster contends that the court erred by giving an improper instruction to the jury relating to the definition of the phrase "deliberately indifferent."  In deciding whether to grant a request for a new trial based on a jury instruction ruling, a court should consider "whether the jury was misled in any way," "whether the jury had an understanding of the issues," and whether the instruction "accurately reflected well-established law. . . ."  *Consumer Products Research & Design, Inc. v. Jensen*, 572 F.3d 436, 438 (7th Cir. 2009); *see also Boyd v. Illinois State Police*, 384 F.3d 888, 894 (7th Cir. 2004)(stating that "[t]o win a new trial based on an erroneous jury instruction, the [movants] must show both that the instructions did not adequately state the law and that the error was prejudicial to them because the jury was likely to be confused or misled").

In the instant action, at trial the court gave the jury the following instruction:

**Court's Instruction No. 18**

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm, and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it.

(J Instr. 18). Foster contends that by including the phrase "actually knew" in the definition, the court improperly conveyed to the jury that Foster needed to show that Davis had actual knowledge of a substantial risk of serious harm. Foster argues that Davis could also have been deliberately indifferent by shutting his eyes to any such risk. Foster contends that the court should have also provided the jury with the ostrich instruction to address such a possibility. However, the ostrich instruction did not fit with Foster's theory of the case or the evidence presented at trial, and thus the absence of the instruction did not mislead the jury. Foster elicited testimony to try to establish that Davis walked directly past the front of Foster's cell while the cellmates fought and threw things, and other inmates yelled. Foster attempted to present evidence to show that Davis ignored what he saw and heard and delayed in responding to the altercation. For example, at closing counsel for Foster argued that Davis "ignored [Foster's] cries for help," and that Davis "walked by" Foster's cell at times when Foster "called out to him" and threw a television "against the bars." (Trial Tr. 232). Foster did not present evidence to show that Davis removed himself from the area or otherwise took steps to ensure that he was subjectively unaware of the altercation or lacked a suspicion of the altercation. Foster did not argue that Davis attempted to engage in the type of conscious avoidance that would warrant the giving of the ostrich instruction. *See Ho v. Donovan*, 569 F.3d 677, 680 (7th Cir. 2009)(indicating that "the basis of the 'ostrich instruction'" is that "[c]onscious avoidance of information is a form of knowledge"). Thus, the court properly

declined to include the ostrich instruction and properly instructed the jury as to the definition of the phrase "deliberately indifferent."

II. Davis' Disciplinary Report

Foster contends that the court erred by barring the introduction of a disciplinary report (Disciplinary Report) for Davis, dated August 16, 2011. At trial, the court denied Foster's request to introduce the Disciplinary Report, which Foster contends indicated that Davis had previously filed an incident report that was not truthful. Foster contends that the Disciplinary Report was admissible pursuant to Federal Rule of Evidence 608(b) (Rule 608(b)) to impeach Davis' character for truthfulness. Rule 608(b) provides in part the following:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
> (1) the witness; or
> (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b). Foster contends that the author of the Disciplinary Report finds that Davis had "previously filed an incident report that was not truthful." (Mem. NT 8). Foster points to a reference in the Disciplinary Report that evidence "did not support the version of events provided by Correctional Officer Davis." (P Ex. C 2-4). However, the Disciplinary Report states specifically that the purpose of

5

the Disciplinary Report is to determine "whether the force used" by Davis when dealing with another inmate was excessive and the findings and conclusions in the report relate to that ultimate issue. (P Ex. C 2-4). The Disciplinary Report contains no specific finding that Davis lied on a prior incident report. Foster has failed to show that the Disciplinary Report is probative as to the truthfulness of Davis. The court also properly concluded that the introduction of the Disciplinary Report would have been overly prejudicial to Davis. Therefore, Foster has not shown that the court erred in excluding the introduction of the Disciplinary Report.

III. Davis' Prior Conduct

Foster argues that the court erred by barring Foster from questioning Davis concerning his prior conduct. At trial Foster sought to interrogate Davis regarding past instances when Davis did not follow the policy of asking for backup before responding to an altercation. However, as Davis correctly points out, it was apparent that counsel for Foster was merely pursuing that issue in order to find a new basis to introduce the Disciplinary Report, which involved an incident where Davis did not call for backup. Foster's counsel was attempting to circumvent this court's ruling regarding the Disciplinary Report, and the court properly barred Foster from further questioning on the issue of Davis' prior conduct. The court allowed Foster to ask Davis whether he had previously not called for backup, but any further examination in that line of questioning would have been overly prejudicial to Davis and Foster failed to show that material evidence would have been introduced. Therefore, Foster

has not shown that the court erred in barring Foster from further questioning concerning Davis' prior conduct.

IV. Foster's Forgery Conviction

Foster argues that the court erred in admitting his prior forgery conviction. Foster merely reiterates the same arguments presented in his motion in limine number 4. The record indicates that Foster was convicted in 1994 and was sentenced to two years in prison. (Ans. F. Mot. Ex. A); (F. Mem. 7). Based on the extreme significance of Foster's testimony and the importance of reliably evaluating his credibility in this case, the court found that evidence of forgery would not be unduly prejudicial under Rule 403, and its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. The same is true at this juncture and Foster has not shown that the court erred in admitting the forgery conviction. Based on the above, Foster's motion for a new trial is denied.

## CONCLUSION

Based on the foregoing analysis, Foster's motion for a new trial is denied.

                                                         Samuel Der-Yeghiayan
                                                        United States District Court Judge

Dated: November 15, 2013